DECISION AND JUDGMENT ENTRY
This is an appeal from a conviction and sentence for breaking and entering and failure to comply with an order of a law enforcement officer, following the entry of a guilty plea to a bill of information filed in the Ottawa County Court of Common Pleas. We affirm.
On June 12, 2000, as a result of a plea agreement, appellant, Jeffery Jensen, pled guilty to one count of breaking and entering and one count of failure to comply with the order of an officer, fifth and fourth degree felonies respectively. Following a presentence investigation, the court sentenced appellant to ten months imprisonment for the breaking and entering and one year imprisonment for failing to comply. The court ordered that the terms be served consecutively.
At appellant's request the trial court appointed counsel for an appeal. Appellate counsel has filed a brief pursuant to Anders v.California (1967), 386 U.S. 738. In his brief, appellate counsel certifies that he has conducted a thorough review of the record of the proceedings before the trial court and finds no meritorious assignments of error. He requests that he be permitted to withdraw as counsel and separately certifies that he has provided appellant a copy of his brief and advised him of his right to independently raise any issue he wishes to the court. Appellant has not afforded himself of that opportunity.
In his brief, appellate counsel sets forth the following as a potential assignment of error which might arguably be supported by the record.
"The court did not make the requisite findings under O.R.C. §2929.14(B) to impose longer than the minimum prison sentence."
Appointed counsel for appellant has submitted to this court a motion for leave to withdraw as counsel for appellant for want of meritorious, appealable issue, pursuant to the constitutional guidelines established inAnders v. California, supra. See also, State v. Duncan (1978),57 Ohio App.2d 93, 94. The Anders case set forth procedures with which appointed appellate counsel must comply for the appellate court to consider a motion to withdraw as counsel. Counsel must (1) advise the court and request permission to withdraw if an appeal is deemed wholly frivolous; (2) submit a brief which indicates anything in the record which might arguably support an appeal; and (3) furnish a copy of the brief to the indigent, who then must be given time to raise any point which he chooses. Counsel has met these requirements.
With respect to the potential assignment of error which appellate counsel raises, R.C. 2929.14(B) requires that a court sentencing a convicted felon who has not previously served a prison term to impose the shortest term authorized, "* * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or other."
Here, although appellant had numerous misdemeanor convictions, he had never before been in prison. At the sentencing hearing, the trial court sentenced appellant to greater than the minimum allowable sentence, stating that to do otherwise, "* * * would both demean the seriousness of the offenses here and would not adequately protect the public from your future behavior."
Clearly, the statute requires specific findings in this circumstance.State v. Edmonson (1999), 86 Ohio St.3d 324, 327. However, there are no magic words necessary to satisfy the statute. In this case, the terms "offense" and "behavior" "conduct" and "crime" all refer to appellant's unlawful acts and substantially comply with the requirements of R.C.2929.14(B).
Accordingly, appellant's counsel is correct when he characterizes this potential assignment of error as being without merit. Moreover, our own careful review of the record reveals no other errors which would require reversal. Therefore, this appeal is wholly frivolous. Counsel's request to withdraw is found well-taken and is, hereby, granted.
Upon consideration whereof, the judgment of the Ottawa County Court of Common Pleas is affirmed. Costs to appellant.
 ________________________ Peter M. Handwork, JUDGE
James R. Sherck, J. and Richard W. Knepper, J. CONCUR.